SO ORDERED.

Dated: November 23, 2021

Daniel P. Collins, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **In re** | ) | Chapter 13 Proceedings |
| | ) | |
| **David and Deborah Vallejo,** | ) | Case No: 2:20-bk-01372-DPC |
| | ) | |
| Debtors. | ) | **UNDER ADVISEMENT ORDER RE TRUSTEE'S OBJECTION TO IRS's PROOF OF CLAIM** |
| | ) | |
| | ) | **[NOT FOR PUBLICATION]** |

Before this Court is the objection[1] ("Objection") of the Chapter 13 Trustee, Russell Brown ("Trustee") to the United States of America's ("IRS") timely filed proof of claim #4 ("IRS's Claims"). The Objection brings to this Court a trio of this Court's favorite topics: (1) the Affordable Care Act[2] ("ACA"), (2) a tax issue which is now just an historical footnote,[3] and (3) an amount in controversy under $1,500. The background leading to this bankruptcy issues jackpot[4] can be summarized as follows:

The IRS's amended unsecured priority claims were filed as "Excise-Inc." taxes for the years 2017 and 2018. The Trustee concedes the IRS holds prepetition unsecured claims totaling $1,451.59 but objects to the priority of the IRS's Claims. After reviewing

---

[1] DE 40. "DE" references a docket entry in the administrative portion of case no. 2:20-BK-01372-DPC.
[2] The ACA is widely known as Obama Care as it was one of President Obama's signature achievements during his two terms as United States President. Your author has become very familiar with the special place the ACA holds in the hearts of many physicians, especially concerning the ACA's mandates regarding electronic medical records.
[3] While this tax issue was a live controversy in 2017 and 2018, it was mooted by subsequent legislation. Effective January 1, 2019 the penalty in § 5000(A) was reduced to $0 pursuant to the Tax Cuts and Jobs Act of 2017. Pub. L. No. 115-97, § 11081, 131 Stat. 2054, 2092. Here, Debtors' SRP debts were from 2017 and 2018, when the SRP was still in effect. Nevertheless, who does not love tax issues?
[4] At the November 7, 2021 retirement ceremony for the great and learned Bankruptcy Judge Ronnie King (W.D. Texas) it was revealed that Judge King coined a special term for just such a rare alignment of the planets: "A Trifecta of Misery."

the extensive pleadings, and after hearing two rounds of oral arguments and reviewing the cases, this Court now holds that the IRS's Claims totaling $1,451.59 must be allowed as general unsecured claims against the bankruptcy estate but not as priority claims under § 507(a)(8).[5] The Trustee's Objection is sustained.[6]

## I. BACKGROUND

### A. History of the ACA

In 2010, Congress passed the Patient Protection and Affordable Care Act. Shortly thereafter, President Obama signed the ACA into law.[7] One of the most contested provisions under the ACA is the so-called individual mandate. This mandate required Americans to maintain a minimal standard of health care coverage. If not insured, citizens were required to make the "Shared Responsibility Payment" ("SRP"). The amount an individual would have to pay for not obtaining health care is codified in 26 U.S.C. § 5000(c).

The constitutionality of the SRP was hotly contested before the Supreme Court in *Natl. Fedn. of Indep. Bus. v. Sebelius*[8] ("*Sebelius*"). A significant issue presented to the Supreme Court was whether the SRP[9] was a valid exercise of Congress's taxing power or rather functioned as a penalty. The ACA itself refers to the SRP as a penalty.[10] The Supreme Court ultimately held that the SRP "[m]ay reasonably be characterized as a tax."[11]

---

[5] This Court's comments are not made to suggest that either the Trustee or the IRS are wasting the Court's time by so vigorously pursuing the debt at hand. The pleadings by the parties are very well written and argued, not withstanding the very low financial stakes in this case. The Court is fully aware that the issues before this Court reach well beyond this case. However, the Court feels obliged to find a measure of joy in this Order.
[6] This ruling (the "Order") constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.
[7] Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010).
[8] 567 U.S. 519 (2012).
[9] § 5000A(b).
[10] 26 U.S.C. § 5000(A).
[11] *Id.* at 574.

The Supreme Court's classification of the SRP as a tax is a helpful starting point but is not dispositive with respect to the issues before this Court. The Supreme Court did not address exactly what type of tax the SRP is.

**B. The IRS'S Claims**

Debtors' filed a chapter 13 voluntary petition for bankruptcy on February 11, 2020.[12] The IRS timely filed proof of claim #4 on February 24, 2020 for unsecured excise and income taxes totaling $5,071.79.[13] On January 8, 2021, the IRS amended its proof of claim reducing the income tax to $0 and the unsecured excise tax to $1,540.59.[14] The IRS amended its proof of claim once more on February 4, 2021.[15] This time, the IRS asserted unsecured priority claims totaling $1,451.59. The income tax remained at $0. However, the IRS altered its claims with respect to the "kind of tax" from an excise tax or income tax to now reference its claims as "EXCISE-INC." The IRS's Claims list two separate "EXCISE-INC" claims, one from 2017 and one from 2018.[16]

Trustee learned from communications with the IRS that Debtors' debts to the IRS arose from the Debtors' 2017 and 2018 unpaid SRP. Trustee objected to the IRS's Claims.

The IRS filed its opposition ("Opposition") to Trustee's Objection on August 20, 2021.[17] In support of its Opposition, the IRS relies on *Sebelius*, where the Supreme Court stated the SRP functions as a tax rather than a penalty.[18] The IRS argues that failing or refusing to acquire health insurance coverage is the exercise of a privilege and therefore

---

[12] DE 1.
[13] Claim No. 4-1.
[14] Claim No. 4-2.
[15] Claim No. 4-3.
[16] Debtors' tax period for each SRP are from 2016 and 2017, respectively. The taxes in question are assessed the following years, in 2017 and 2018.
[17] DE 51.
[18] *Id.* at 565-58. See DE 51, page 2 lines 1-4.

constitutes an excise tax on a "transaction" under § 507(a)(8)(E).[19] Alternatively, the IRS argues the SRP is a valid income tax because the SRP uses income-based measurements in calculating the amount of the payment due to the IRS.[20]

Trustee filed his response to the IRS's Opposition. Trustee contends that the SRP is a penalty rather than a tax.[21] However, even if the SRP is an excise tax, Trustee argues that the SRP is not an excise tax on a "transaction" entitling it to priority status under § 507(a)(8)(E).[22] As for the income tax argument, the Trustee disagrees that the IRS's Claims can be classified as income taxes simply because the IRS uses income-based measurements to sometimes calculate an individual's SRP.[23]

## II. JURISDICITION

This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B). This Court has jurisdiction over the issues presented by Trustee and the IRS. This Court may enter final orders on these issues.

## III. ISSUES

A. Are the IRS's Claims penalties?

B. If the IRS's Claims are not penalties, are they excise taxes on "transactions" entitling such claims to priority status under § 507(a)(8)(E)?

C. If the IRS's Claims are not excise taxes on transactions are they income taxes thereby entitling the IRS's Claims to priority under § 507(a)(8)(A)?

---

[19] The IRS recognizes that 11 U.S.C. § 507(a)(8)(E) calls for a "tax on a transaction." *See:* DE 51, page 2, line 10.
[20] The IRS filed a reply brief to the Trustee's Objection to Proof of Claim on October 12, 2021. Many of the arguments were the same as in the initial reply brief.
[21] DE 52, page 6 line 1
[22] DE 52, page 12, lines 14-15.
[23] DE 52, page 14, lines 6-11.

## IV. ANALYSIS

### A. Is the SRP a Penalty?

The ACA refers to the SRP as a penalty.[24] The Supreme Court determined the SRP was a tax but did not tell us exactly what kind of tax. "Federal Courts apply a 'functional examination' to the exaction, regardless of how it is labeled, to determine whether it is a tax, a penalty, a debt or something else."[25] The 9th Circuit Court of Appeals has developed a four-part test to determine if a claim qualifies as an excise tax. In *Lorber II*, the court held an excise tax is: (1) an involuntary pecuniary burden, regardless of name, laid upon an individual or property; (2) imposed by or under the authority of the legislature; (3) for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of the state.[26] Subsequently, the 9th Circuit added an additional element to the *Lorber II* test when it held that "[i]f a private creditor similarly situated to the government can be hypothesized under the relevant statute, the claim cannot be considered an excise tax."[27]

The Court agrees that the SRP meets the Ninth Circuit's criteria for classification as an excise tax under the *Lorber II* and *George* tests. First, the SRP is a pecuniary burden laid upon individuals. Under the ACA, individuals who fail to obtain the minimal standard of health insurance were required to make a payment—the SRP. Second, Congress authorized the SRP when it passed the ACA.[28] Third, the purpose of the SRP is to provide revenue for the federal government by collecting monetary payments to help off-set medical expenses incurred by uninsured individuals. Fourth, Congress has

---

[24] 26 U.S.C. § 5000(A).
[25] *In re George*, 361 F.3d 1157, 1160 (9th Cir. 2004).
[26] *In re Lorber Industries of California*, 564 F.3d 1098, 1101 (9th Cir. 2009) ("*Lorber II*") (quoting *In re Lorber Industries of California Inc.*, 675 F.2d 1062, 1066 (9th Cir. 1982) ("*Lorber I*").
[27] *George,* 361 F.3d at 1162-63.
[28] 26 U.S.C. § 5000(A)(b).

constitutional authority to issue the SRP under its taxing power. Fifth, and finally, no other hypothesized private creditor could make a claim for the SRP, as the SRP is purely a function of federal statute. The SRP functions as an excise tax, notwithstanding the fact that the ACA refers to the SRP's individual mandate as a "penalty." This Court rejects Trustee's contention that the SRP is a penalty.

### B. Is the SRP an Excise Tax under § 507(a)(8)(E)?

While the SRP is properly classified as an excise tax under the *Lorber II* and *George* tests, it does not necessarily mean the SRP is an excise tax within the meaning of § 507(a)(8) of the Bankruptcy Code. § 507(a)(8)(E)(i) and (ii) defines an excise tax as:

> (i) a *transaction* occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or
>
> (ii) if a return is not required, a *transaction* occurring during the three years immediately preceding the date of the filing of the petition.
> (Emphasis added).

Whether the IRS's Claims are entitled to priority under § 507(a)(8)(E) hinges on whether the IRS's Claims were incurred as a result of the Debtors' "transactions." Only a few courts have addressed this issue and those that have are split.

The 9th Circuit has not squarely answered the question of whether failure to obtain health insurance as required by the ACA is a "transaction" for purposes of § 507(a)(8)(E). The closest case this Court has found is *George*. The 9th Circuit held that "the failure to make the transaction of purchasing workers' compensation insurance" is "the absence of a transaction" and, therefore, "not an 'excise tax' for purposes of federal bankruptcy law."[29]

---

[29] *George,* 361 F.3d at 1163.

The IRS relies heavily on the holding in *Matter of Cousins* to support its argument that the IRS's Claims are excise taxes on a "transaction." In *Cousins*, the court stated, "[s]ince the SRP is assessed when a taxpayer exercises his or her right to remain uninsured, it may be a tax imposed 'upon the exercise of a right or privilege,' making it an excise tax."[30] The IRS argues that here Debtors exercised their right or privilege to not purchase insurance and this exercise constitutes a "transaction" under § 507(a)(8)(E). The IRS also relies on the Sixth Circuit's *Rizzo* case to bolster its argument that choosing not to obtain health insurance is a privilege and thus a "transaction."[31] In *In re Rizzo*, the Court quotes *In re Nat'l Steel Corp*[32] which used the same "privilege" language as the *Cousins* court.[33] In *Nat'l Steel Corp.*, the court was faced with determining whether a Texas franchise tax was properly deemed an excise tax.[34] The *Nat'l Steel Corp.* court found the franchise tax was an excise tax because it resulted from the "privilege" of operating a business in Texas and the protection of Texas state laws.[35] In essence, the privilege was derived directly from a "transaction," namely operating a business in Texas. Finally, the IRS cites *In re DeRoche*,[36] which found that the tax imposed on an employer for failing to carry workers' compensation insurance qualified as an excise tax.[37]

This Court finds unpersuasive the IRS's reliance on *Cousins, Nat'l Steel Corp,* and *DeRoche*. First, *Cousins* was reluctant to even name the SRP an excise tax. The *Cousins* court concluded that the SRP was necessarily either an excise tax or an income tax since the Supreme Court in *Sebelius* found the SRP was not a duty, impost or direct tax. The *Cousins* court noted:

---

[30] *Matter of Cousins*, 601 B.R. 609, 620 (Bankr. E.D. La. 2019).
[31] DE 51, page 9, lines 4-6.
[32] *In re Rizzo*, 741 F.3d 703, 706 (6th Cir. 2014).
[33] *In re Nat'l Steel Corp.*, 321 B.R. 901, 909 (Bankr. N.D. Ill. 2005).
[34] *Id.* at 908-09.
[35] *Id.* at 912.
[36] *DeRoche*, 287 F.3d 751, 757 (9th Cir. 2002).
[37] DE entry 51, page 9 lines 12-13.

> Admittedly, the SRP does not fit neatly into either definition, but the Supreme Court's elimination of the SRP as either a duty, impost, or direct tax leaves only the remaining choices. Thus, by process of elimination, the SRP is either an excise or an income tax, either of which affords it priority status.[38]

However, if the SRP was an excise tax, *Cousins* did not address the question of whether the SRP is an excise tax on a "transaction" within the meaning of § 507(a)(8)(E). In essence, *Cousins* applied a default analysis to conclude the SRP must be an excise tax or income tax. *Cousins* did not determine whether the SRP was one or the other. Importantly, the court did not analyze whether, if the SRP was an excise tax, that it satisfied the "transactional" requirement of § 507(a)(8)(E). Labeling the SRP as an excise tax does not necessarily entitle that claim to priority status under § 507(a)(8)(E). The excise tax must arise from a "transaction" for it to be accorded priority status under the Bankruptcy Code.

Second, the *Nat'l Steel Corp.* court's reasoning that a privilege constitutes a transaction is both distinguishable and unpersuasive. In *Nat'l Steel Corp.*, the court stated that "[t]he Texas franchise tax is a tax on the value of the privilege to *transact* business in the state."[39] The failure to obtain health insurance is not a "transaction" at all but instead the absence of a transaction. This Court views a "transaction" as requiring an active excise, i.e. the purchase of insurance, not a decision to not buy insurance. Here, the Debtors' decision to not purchase health insurance was a passive choice, a "non-excise" if you will.[40]

Finally, this Court finds the IRS's reliance on *DeRoche* misplaced. In *DeRoche*, the court considered whether an employer's obligation to reimburse the Arizona Workers' Compensation "Special Fund" constituted an excise tax under § 507(a)(8)(E).[41]

---

[38] *Cousins*, 601 B.R. at 621.
[39] *Nat'l Steel Corp.*, 321 B.R. at 910 (emphasis added).
[40] Similarly, deciding to not go to the gym could not be fairly described as exercise.
[41] *In re DeRoche*, 287 F.3d at 756.

There, the 9th Circuit held that the Special Fund's reimbursement claim was an "excise tax" and "on a transaction," entitling it to priority treatment.[42] In *DeRoche*, the 9th Circuit identified six events that led to characterizing the tax as an excise tax on a "transaction," including: (1) employer failed to carry workers' compensation, (2) employee was injured on the job, (3) employee filed a claim of workers' compensation, (4) Commission made a determination the worker is entitled to compensation, (5) the Special Fund compensated the injured employee, and (6) the Special Fund assessed the employer for reimbursement.[43] The "transaction" creating the excise tax was the Special Fund compensating an injured employee, sparking the employer's reimbursement obligation. The "transaction" in *DeRoche* was not simply the employer's failure to obtain workers' compensation insurance but events subsequent to that passive choice.[44]

The Ninth Circuit BAP faced a more analogous scenario when it stated that "*George* teaches that the failure to obtain insurance . . . is not a "transaction."[45] While *George* dealt with the failure to satisfy a state law requiring purchase of workers' compensation insurance and this Court is faced with failure to purchase health insurance under the ACA, the same principle articulated by the 9th Circuit BAP governs: the failure to obtain insurance does not constitute a "transaction."[46]

This Court finds persuasive Judge Hursh's reasoning in *In re Jones*.[47] The facts in *Jones* were nearly identical to the case at bar. In *Jones*, the IRS claimed the debtor's SRP obligation should be granted priority status as an excise tax. The *Jones* court held that the SRP is indeed an excise tax.[48] However, according to Judge Hursh, the SRP was not an excise tax on a "transaction," and therefore not subject to priority status under

---

[42] *Id.* at 753.
[43] *Id.* at 755.
[44] *See In re Jones*, 610 B.R. 663 (Bankr. D. Mont. 2019).
[45] *In re Lorber Indus. of Cal.*, 373 B.R. 663, 670 (9th Cir. BAP 2007), *aff'd on other grounds*, 564 F.3d at 1098.
[46] *Id.* at 669-71.
[47] *Jones*, 610 B.R. at 663.
[48] *Id.* at 667.

§ 507(a)(8)(E).[49] The *Jones* court also found unpersuasive the IRS's reliance on *DeRoche* as support for its argument that the failure to maintain health insurance is a "transaction." In reaching its conclusion that the SRP was not an excise tax within the meaning of § 507(a)(8)(E), Judge Hursh relied on the 9th Circuit's decision in *George*, and other subsequent cases such as *In re Bailey*[50] (stating that the SRP does not fit within the definition of an excise tax, and does not qualify as an excise "on a transaction"); and *In re Huenerberg*[51] (holding that "transaction" suggests *action*—such as the manufacture or consumption of a commodity, which, when viewed in strict isolation at least, may be a solitary act—not *in*action, deliberate, or otherwise). "Reading *Lorber III*, *George, Bailey* and *Huenerberg*, together, the Court finds that the term 'transaction' cannot be read to capture the debtors' 'inaction, deliberate or otherwise' . . . . Here it was debtors 'failure to make the transaction' required . . . that triggered their liability for the SRP."[52]

This Court finds that the IRS's Claims are on account of an excise tax but not an excise tax on a "transaction" for the purposes of § 507(a)(8)(E). The IRS's Claims are not entitled to priority status under § 507(a)(8)(E).

### C. Is the SRP an Income Tax?

Alternatively, the IRS argues that the SRP is an income tax subject to priority status under § 507(a)(8)(A).[53] This issue has not been resolved by the 9th Circuit. § 507(a)(8)(A) defines an income tax as "[a] tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition." The IRS contends that the SRP may be considered a tax measured by income because it uses

---

[49] *Id.* at 668.
[50] *In re Bailey*, 2019 WL 2367180, at *6 (Bankr. E.D.N.C. May 24, 2019).
[51] *In re Huenerberg*, 590 B.R. 862, 871 (Bankr. E.D. Wis. 2018).
[52] *Jones*, 610 B.R. 663 at 669.
[53] DE 51, page 10, lines 21-24.

income as part of the calculation to determine the penalty an individual must pay under 26 U.S.C. § 5000C of the ACA.

The IRS cites *In re Szczyporski*[54] for guidance on this issue. In *Szczyporski*, the Court held that the IRS claim was entitled to priority treatment as an income tax.[55] The *Szczyporski* court turned to the Supreme Court's reasoning in *Sebelius* that the imposition of the SRP is first dependent on a taxpayer's income, then determined by such familiar factors as taxable income, number of dependents, and joint filing status.[56] Using this analysis, the *Szczyporski* court stated that "[a]ccordingly, the SRP *may* be an income tax."[57] This Court does not find *Szczyporski* persuasive.

Instead, this court finds the reasoning in *Juntoff* more on point. In *Juntoff*, Judge Harris held that the SRP is not an income tax. The court noted other factors, aside from income, factor into the measurement of the SRP payment amount:

> (1) The number of adults in a household without health insurance, (2) the number of months each adult was without health insurance, (3) the number of children in a household without health insurance, (4) the number of months each child was without health insurance, (5) a flat tax set by Congress per uninsured adult, (6) a flat tax set by Congress per uninsured child, and (7) a ceiling based on the national average cost of certain health insurance plans that have a bronze level of coverage. Nor does income come into play for everyone subject to the shared responsibility payment.[58]

Based on these factors, the *Juntoff* court concluded that analyzing a taxpayer's income is not always necessary to determine the SRP to be paid by that individual, and thus cannot be called an income tax under § 507(a)(8)(A). This Court agrees.

*Jones* also mentions that the income argument "[w]ould likely fail because IRS Form 1040 indicates that the SRP is not an income tax."[59] Form 1040 for the years 2016

---

[54] *In re Szczyporski* No. 2:20-CV-03133, 2021 WL 1207413 (E.D. Pa. Mar. 31, 2021).
[55] *Id.* at *5.
[56] *Id.* at *2.
[57] *Id.* at *6 (*emphasis added*).
[58] *In re Juntoff*, No. 19-17032, 2021 WL 1522206, at *4 (Bankr. N.D. Ohio Apr. 15, 2021).
[59] *Jones*, 610 B.R. 663 at 669.

and 2017 is broken down into different subsections. The first subsection, titled "Income," includes items such as wages, taxable interest, and ordinary dividends. The SRP is not included in "Income." However, in the second subsection of Form 1040, titled "Other Taxes," the SRP is listed as the "Health care: individual responsibility." The IRS itself recognized in Form 1040 that the SRP is an "Other Tax" rather than an "Income Tax."

Finally, the Internal Revenue Code ("IRC") also supports the conclusion that the SRP is not an income tax. The IRC is broken down into different subtitles. Subtitle A concerns "Income Taxes." Subtitle D concerns "Miscellaneous Excise Taxes." The SRP is listed under Subtitle D, not Subtitle A. The IRC recognizes the SRP is not an income tax. While not determinative, the IRC's structure is highly suggestive.

The Court finds the IRS's Claims are not income taxes per § 507(a)(8)(A). Form 1040 and the IRC both classify the SRP as something other than an income tax. More importantly, income is not the only factor applicable in calculating the SRP tax, nor is an individual's income always considered when calculating the SRP tax.

## V. CONCLUSION

Based on the foregoing, this Court concludes that the SRP is not a penalty. Rather, it is an excise tax, but not an excise tax on a "transaction" for priority purposes under § 507(a)(8)(E). The Court also holds that the SRP is not an income tax under § 507(a)(8)(A). The IRS's Claims are not entitled to priority under § 507(a)(8). The Trustee's Objection is sustained.

**DATED AND SIGNED ABOVE.**

**To be Noticed through the BNC to:**
Interested Parties